UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KINLEY MACDONALD | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00293-JAW |
| | ) | |
| JUDGE MICHAEL DUDDY, et al. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| KINLEY MACDONALD | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00302-JAW |
| | ) | |
| YORK COUNTY SHERIFF, et al. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| KINLEY MACDONALD | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00304-JAW |
| | ) | |
| CUMBERLAND COUNTY | ) | |
| SHERIFF, et al. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| IN RE: KINLEY MACDONALD | ) | |
| PETITION FOR WRIT OF | ) | No. 2:22-cv-00336-JAW |
| MANDAMUS | ) | |
| | ) | |

**ORDER ON OBJECTIONS TO ORDERS ON IN FORMA PAUPERIS
MOTIONS**

The court overrules an inmate's objections to the magistrate judge's orders on

her demands for in forma pauperis status because the magistrate judge granted all

but one motion on the condition that the inmate comply with the payment provisions

of 28 U.S.C. § 1915 and the one exception was caused by the inmate's persistent

filings. The court concludes that these orders were well within the magistrate judge's discretion and were neither contrary to law nor clearly erroneous.

## I.   BACKGROUND

Kinley MacDonald, acting pro se, has filed four cases in this court: 1) *Kinley MacDonald v. Judge Michael Duddy*, 2:22-cv-293-JAW, 2) *Kinley MacDonald v. York County Sheriff*, 2:22-cv-302-JAW; 3) *Kinley MacDonald v. Cumberland County Sheriff*, 2:22-cv-304-JAW, and 4) *In re Kinley MacDonald*, 2:22-cv-336-JAW. This order addresses her objections to the Magistrate Judge's decision on her multiple petitions to proceed in forma pauperis in each of the cases.

### A.   *Kinley MacDonald v. Judge Michael Duddy*: 2:22-cv-293

On September 21, 2022, Ms. MacDonald filed a complaint in this court against Judge Michael Duddy of the Maine Superior Court as well as other state of Maine officials and employees. *Compl.* (ECF No. 1). On September 21, 2022, Ms. MacDonald filed a motion to proceed without prepayment of fees and costs. *Pl.'s Mot. for Proceeding in Forma Pauperis Temporarily* (ECF No. 2). On September 23, 2022, United States Magistrate Judge John C. Nivison issued an order regarding the filing fee, directed Ms. MacDonald to forward a form Application to Proceed Without Prepayment of Fees and Costs or for Ms. MacDonald to pay the filing fee by October 14, 2022. *Order Regarding Filing Fee* (ECF No. 7). On September 29, 2022, the Magistrate Judge denied without prejudice Ms. MacDonald's motion to proceed without prepayment of fees because she had failed to complete the application and had failed to pay the filing fee. *Order* (ECF No. 9). The Magistrate Judge noted that

if she failed to file the completed application and failed to pay the filing fee by October 14, 2022, her complaint could be subject to dismissal. *Id.* This deadline was later extended to October 24, 2022.

On October 24, 2022, Ms. MacDonald filed a second motion to proceed without prepayment of fees and costs. *App. to Proceed Without Prepayment of Fees and Aff.* (ECF No. 16). On October 25, 2022, the Magistrate Judge denied the October 24, 2022 motion to proceed in forma pauperis, noting that Ms. MacDonald had failed to provide the Court with the information required by statute. *Order* (ECF No. 18). In his October 25, 2022 order, the Magistrate Judge extended the time for Ms. MacDonald to file a completed application to November 15, 2022 and, if she failed to do so, the Magistrate Judge indicated that he might dismiss the matter. *Id.* On November 15, 2022, Ms. MacDonald filed a self-styled motion to correct error. *Mot. to Correct Error* (ECF No. 22). In that motion, she alleged that she had submitted an application by mail to proceed in forma pauperis, but the Court had not received it. *Id.* at 1-2. On November 23, 2022, the Magistrate Judge dismissed her motion to correct error but gave her until December 9, 2022 to complete the application form. *Order* (ECF No. 24).

The case was held in abeyance while Ms. MacDonald pursued interlocutory appeals to the Court of Appeals for the First Circuit. The First Circuit dismissed her appeals on May 3, 2023.[1] *J.* (ECF No. 36); *J.* (ECF No. 37). On June 9, 2023, the

---

[1]      Ms. MacDonald challenged the First Circuit's decisions on June 27, 2023, filing a petition for a writ of certiorari to the United States Supreme Court, along with a motion to proceed in forma pauperis. *See In Re Kinley MacDonald v. Michael Duddy, et al. Petition for Writ of Certiorari*, No. 23-5216 (June 27, 2023); *id.*, *Mot. to Proceed In Forma Pauperis*. Her petition was docketed on July 26,

Magistrate Judge issued another order on Ms. MacDonald's motion to proceed without payment of fees and costs, extending the time for Ms. MacDonald to pay the filing fee or file a complete motion to proceed without payment of fees, noting once again that if Ms. MacDonald did not comply with the order by June 30, 2023, the Court could dismiss her case. *Order Regarding Mot. to Proceed Without Payment of Fees and Costs* at 1 (ECF No. 42). On July 28, 2023, Ms. MacDonald filed renewed objections to the orders on her applications to proceed without paying the filing fee. *Renewed Objs. to Order of Filing Fee* (ECF No. 46).

### B.  *Kinley MacDonald v. York County Sheriff:* 2:22-cv-00302-JAW

On October 3, 2022, Ms. MacDonald filed a complaint in this court against the York County Sheriff, the Department of Corrections, and other officials and employees, mostly employees of York County. *Compl.* (ECF No. 1). On October 3, 2022, Ms. MacDonald filed a motion to proceed without prepayment of fees and costs. *App. to Proceed Without Prepayment of Fees and Aff.* (ECF No. 2). On October 4,

---

2023, and a response is due August 25, 2023. *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/23-5216.html.

Ms. MacDonald also filed a petition for certiorari to the Supreme Court on December 21, 2022, which has been docketed as a separate case (No. 23-5184). *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/23-5184.html. The petition was docketed on July 25, 2023 and the response is due on August 24, 2023. *Id.*

Oddly, the case has been docketed as *Kinley MacDonald v. Lea-Anne Sutton, Judge, District Court of Maine, et al.,* but her petition for certiorari lists "Michael Duddy, et al." as respondents and its Appendix identifies as the "Opinions Below" she challenges only this Court's order and judgment affirming the Magistrate Judge's Recommended Decision to dismiss *In Re: Kinley MacDonald*, No. 2-22-cv-00336-JAW. *See id., Petition for Certiorari* at 1, 15; *id., Appendix* at 1-11.

The confusion is due in part to the fact that Ms. MacDonald filed a lawsuit in state of Maine court against the state of Maine. On May 30, 2023, the Maine Supreme Judicial Court affirmed the lower court judgment against Ms. MacDonald. *See Macdonald v. State of Maine*, No. Cum-23-32, 2023 Me. Unpub. LEXIS 19 (May 30, 2023). Given the ambiguity in the captions, the Court is not certain whether the matters pending before the United States Supreme Court are petitions for certiorari from the federal cases, the state case, or a combination. To rule on her current objections, it is not necessary to clarify this issue. But this uncertainty reflects the confusion caused by Ms. MacDonald's relentless filings in multiple courts.

2022, United States Magistrate Judge Nivison issued an order denying Ms. MacDonald's motion to proceed without payment of the filing fee and directed Ms. MacDonald to forward to the Court a completed form Application to Proceed Without Prepayment of Fees and Costs or for Ms. MacDonald to pay the filing fee by October 18, 2022. *Order on Mot. for Leave to Proceed Without Prepayment of Fees and Costs* (ECF No. 3). In his October 4, 2022 order, the Magistrate Judge recognized that Ms. MacDonald had alleged that the jail representative had refused to sign a necessary certificate and ordered her to describe all of her efforts to obtain the necessary information. *Id.* at 2.

On December 28, 2022, the Magistrate Judge issued an order to show cause, noting that Ms. MacDonald had failed to comply with the October 4, 2022 order and ordering Ms. MacDonald to show cause by January 18, 2023 as to why she had failed to comply with the October 4, 2022 order and why the case should not be dismissed. *Order to Show Cause* at 1-2 (ECF No. 5). On January 26, 2013, Ms. MacDonald filed a response to the December 28, 2022 order to show cause, stating that she had already demonstrated that she had been unable to comply with the court orders and requesting the Court to intervene with the jails to allow her to comply with the orders. *In re Order to Show Cause* at 1-2 (ECF No. 7). In response, on February 27, 2023, the Magistrate Judge, noting that Ms. MacDonald had been transferred to the Cumberland County Jail, terminated the order to show cause and directed the Clerk to forward to Ms. MacDonald a form application to proceed without payment of fees. *Order* (ECF No. 12). The Magistrate Judge ordered Ms. MacDonald to file a

completed form by March 20, 2023, and if she contended that she was unable to comply with this order, to file a "detailed explanation of the efforts she made to obtain the required information." *Id.* Otherwise, the Magistrate Judge warned, he could dismiss the matter. *Id.*

On March 8, 2022, Ms. MacDonald filed a second motion to proceed without prepayment of fees and costs, *App. to Proceed in District Ct. Without Prepaying Fees or Costs* (ECF No. 13), and an objection to the order terminating the order to show cause. *In re 2/27/23 Order on App. to Proceed Without Payment* (ECF No. 14). On March 24, 2023, the Magistrate Judge granted Ms. MacDonald's motion to proceed without prepaying fees but ordered that she pay "the entire filing fee . . . as funds become available." *Order Granting Mot. to Proceed Without Prepayment of Fees and Costs* at 1 (ECF No. 18) (*York IFP Order*). The Magistrate Judge assessed an initial $1.00 partial filing fee and 20% of Ms. MacDonald's preceding month's income credited to her account and ordered the institution to forward these payments to the Clerk of Court until the $350.00 filing fee had been paid. *Id.* at 1-2. The Magistrate Judge directed Ms. MacDonald to notify the Court no later than April 14, 2023 whether she intended to incur the cost of the filing fee and proceed with this action or whether she intends to forego litigation at this time. *Id.* at 2. If Ms. MacDonald elected to proceed, the Magistrate Judge further directed her to "indicate in writing that she understands her obligation to pay the full $350.00 filing fee as funds are available, and that she nevertheless wishes to proceed with the action." *Id.* The

Magistrate Judge warned Ms. MacDonald that the "[f]ailure to fully comply with this order could result in the dismissal of Plaintiff's complaint." *Id.*

On April 21, 2023, Ms. MacDonald filed a motion to reconsider the Magistrate Judge's March 24, 2023 order. *Mot. to Correct Error on "Order Granting Mot. to Proceed Without PrePayment of Fees and Costs" and Recons.* (ECF No. 20). In her motion for reconsideration, she stated that she is indigent "by all definitions under the law" and that she is "incarcerated and does not work or produce income of any kind from any source." *Id.* at 1. On April 23, 2023, the Magistrate Judge denied the motion to reconsider on the ground that his March 24, 2023 order granted Ms. MacDonald leave to proceed without prepaying of fees. *Order* (ECF No. 21). The Magistrate Judge observed that under the governing statute, "the fees are paid as funds become available and the process does not prevent Plaintiff from accessing the court." *Id.* at 1. Then on April 24, 2023, as Ms. MacDonald had failed to comply with the March 24, 2023 order, the Magistrate Judge issued another order to show cause, noting that Ms. MacDonald had failed to comply with the March 24, 2023 order and warning her that her complaint could be dismissed. *Order to Show Cause* at 1 (ECF No. 22). The Magistrate Judge extended the time for her to comply with the March 24, 2023 order to May 15, 2023. *Id.*

Ms. MacDonald failed to respond to the order to show cause by May 15, 2023. On June 2, 2023, Ms. MacDonald filed a motion for clarification and a motion to consider the in forma pauperis issues resolved and moot. *Mot. for Clarification* (ECF No. 24); *Mot. to Consider in Forma Pauperis Issues as Resolved & Moot* (ECF No. 25).

On June 9, 2023, the Magistrate Judge dismissed the motion to consider the in forma pauperis issues resolved and moot, observing that he had previously granted her leave to proceed without prepayment of fees. *Order* (ECF No. 26). On June 9, 2023, the Magistrate Judge granted the motion for clarification and ordered Ms. MacDonald to inform the Court whether she wished to proceed with the action, with an acknowledgment that she "would be obligated to pay the filing fee as funds become available." *Order on Mot. for Clarification* at 1 (ECF No. 27). The Magistrate Judge extended the time for her to do so to June 30, 2023. *Id.* at 1.

Ms. MacDonald failed to respond by June 30, 2023. Instead, on July 14, 2023, Ms. MacDonald filed a notice of appeal, *Notice of Appeal* (ECF No. 29), which the Magistrate Judge construed as an objection to his dismissal of her motion to consider the in forma pauperis issues as resolved. *Order on Pl.'s Filing* (ECF No. 30). The Magistrate Judge explained again the substance of his June 9, 2023 order on the motion for clarification. *Id.* at 1-2. The Magistrate Judge extended the time to August 7, 2023 for Ms. MacDonald to notify the Court whether she wished to proceed with her litigation with the understanding that she will be responsible for payment of the filing fee and, if she wished to maintain her objection to the order dismissing her motion to consider the in forma pauperis issues resolved, she must state in detail the basis of her objection. *Id.*

On July 28, 2023, Ms. MacDonald renewed her objections to the order on her filing fee. *Renewed Objs. to Order of Filing Fee* (ECF No. 32). Ms. MacDonald states that the Magistrate Judge issued a "paradoxical order: both granting

Plaintiff/Appellant's in forma pauperis application, while requiring 20% of Plaintiff/Appellant's inmate account to be paid to the Court until[] the filing fee is paid in full." *Id.* at 2. Ms. MacDonald contends that the Magistrate Judge's order granting her in forma pauperis application does not in truth grant the motion because the order requires her to make payment over time from her inmate account. *Id.* at 3. Ms. MacDonald maintains that she is "presumed" to be destitute. *Id.* Ms. MacDonald demands that the "mandate is due to be recalled and all involved should be ashamed." *Id.* at 5.

C.   ***Kinley MacDonald v. Cumberland County Sheriff***: **2:22-cv-00304-JAW**

On October 6, 2022, Kinley MacDonald filed a complaint in this court against the Cumberland County Sheriff's Office, the Department of Corrections, and three Jane and three John Does. *Compl.* (ECF No. 1). On October 7, 2022, the Magistrate Judge issued an order regarding filing fee that required the Clerk to forward Ms. MacDonald either to pay the filing fee or complete an application to proceed without doing so by October 28, 2022. *Order Regarding Filing Fee* (ECF No. 2). Ms. MacDonald failed to respond to the October 7, 2022 order, and on November 9, 2022, the Magistrate Judge issued an order to show cause, noting that Ms. MacDonald had failed to respond to the October 7, 2022 order and ordering her to respond to the order to show cause by November 23, 2022. *Order to Show Cause* (ECF No. 7). On November 18, 2022, Ms. MacDonald responded to the order to show cause and blamed the Cumberland County Jail for her inability to complete the necessary paperwork. *In Re Order To Show Cause* (ECF No. 9). On November 30, 2022, the Magistrate

9

Judge issued an order, terminating the order to show cause and allowing Ms. MacDonald to proceed without prepayment of a fee, but requiring Ms. MacDonald to complete an in forma pauperis application on or before December 21, 2022. *Order* (ECF No. 10). On December 21, 2022, Ms. MacDonald responded to the Magistrate Judge's November 30, 2022 order by filing a new application for in forma pauperis status. *App. to Proceed in District Ct. Without Prepaying Fees or Costs* (ECF No. 23).

Meanwhile, on January 3, 2023, the Magistrate Judge issued a recommended decision in which he recommended that this Court dismiss Ms. MacDonald's complaint. *Recommended Decision After Review of Compl.* (ECF No. 33). Ms. MacDonald did not file an objection to the recommended decision, but instead on January 26, 2023, she appealed the recommended decision directly to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 40). Her appeal remains pending.

On June 2, 2023, Ms. MacDonald filed a motion to consider the in forma pauperis issues as resolved and moot. *Mot. to Consider in Forma Pauperis Issues as Resolved & Moot* (ECF No. 47). On June 9, 2023, the Magistrate Judge issued an order indicating that because Ms. MacDonald had been moved from the York County Jail to the Riverside Psychiatric Center, the Magistrate Judge was "uncertain whether she has access to her jail account" and he ruled that he would "consider Plaintiff to have a zero balance in the account for purposes of assessing her responsibility for the filing fee." *Order on Mot. to Consider In Forma Pauperis Issues as Complete* at 1 (ECF No. 48) (*Cumberland IFP Order*). On July 28, 2023, Ms.

MacDonald renewed her objections to the orders on her filing fee, filing the same motion described above in this case. *Renewed Objs. to Order of Filing Fee* (ECF No. 52).

   **D.   *In Re Kinley MacDonald*: 2:22-cv-00336-JAW**

   On October 21, 2022, Ms. MacDonald filed in this court a petition for writ of mandamus. *Pet. for Writ of Mandamus* (ECF No. 1). On December 1, 2022, the Magistrate Judge issued a recommended decision in which he recommended that this Court dismiss the petition. *Recommended Decision on Pet. for Writ of Mandamus* (ECF No. 2). Ms. MacDonald did not object to the recommended decision, and on December 16, 2022, this Court affirmed the dismissal. *Order Affirming Recommended Decision* (ECF No. 4). The Clerk entered a judgment against Ms. MacDonald on December 16, 2022. *J.* (ECF No. 5). On January 3, 2023, Ms. MacDonald filed a notice of appeal to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 6). Ms. MacDonald's appeal remains pending with the First Circuit.

   On April 21, 2023, Ms. MacDonald filed a motion to proceed without prepayment of fees and costs on appeal. *Aff. Accompanying Mot. for Permission to Appeal in Forma Pauperis* (ECF No. 11). On April 24, 2023, the Magistrate Judge denied without prejudice her motion, noting that on March 16, 2023, the First Circuit had denied without prejudice her request to proceed without payment of fees and costs, citing Ms. MacDonald's failure to file a prison trust account statement with her motion. *Order* (ECF No. 12). As Ms. MacDonald had failed to correct the deficiency

11

noted by the First Circuit, the Magistrate Judge denied her motion without prejudice. *Id.*

On June 2, 2023, Ms. MacDonald filed another motion to proceed without prepayment of fees and costs on appeal, *Aff. Accompanying Mot. for Permission to Appeal in Forma Pauperis* (ECF No. 16), and a motion to consider the in forma pauperis issues as resolved and moot. *Mot. to Consider in Forma Pauperis Issues as Resolved & Moot* (ECF No. 17). On June 8, 2023, the Magistrate Judge issued an order indicating that because Ms. MacDonald had been moved from the York County Jail to the Riverside Psychiatric Center, the Magistrate Judge was "uncertain whether she has access to her jail account" and he ruled that he would "consider Plaintiff to have a zero balance in the account for purposes of assessing her responsibility for the filing fee." *Order on Mot. to Consider In Forma Pauperis Issues as Complete* at 1 (ECF No. 18).

The same day, the Magistrate Judge issued an order, which granted Ms. MacDonald's motion to proceed without prepayment of fees and costs and required her to pay the filing fee when she was able to do so, and further required her to file a statement with the court by June 29, 2023 that she understands her obligation to pay the full $350.00 filing fee as funds are available and she nevertheless wishes to proceed with the action. *Order Granting Mot. to Proceed Without Prepayment of Fees and Costs* (ECF No. 19) (*In re IFP Order*). On July 28, 2023, Ms. MacDonald renewed her objections to the orders on her filing fee, filing the same motion described above in this case. *Renewed Objs. to Order of Filing Fee* (ECF No. 24).

12

## II.    DISCUSSION

### A.    Summary

The background of each of Ms. MacDonald's cases reflects how convoluted Ms. MacDonald's cases have become because she keeps ignoring court-imposed deadlines, repetitively files the same motion, demands the same relief, and objects to court orders that do not grant her the full relief she believes the law entitles her. The Court will take a moment to describe the law applicable to Ms. MacDonald's in forma pauperis demands and will explain why the law does not permit the relief she is demanding. Finally, the Court will warn Ms. MacDonald that she must not continue this stubborn conduct.

### B.    The In Forma Pauperis Statute: 28 U.S.C. § 1915

The right of a litigant to proceed in forma pauperis is statutorily described and confined in 28 U.S.C. § 1915, entitled "Proceedings in forma pauperis." The first provision is § 1915(a)(1), which contains an affidavit requirement:

> **(1)** Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The first issue in her applications for in forma pauperis status was whether she had complied with the affidavit requirement.

For plaintiffs who are inmates, § 1915(a)(2) imposes a second requirement, a trust fund account statement:

> **(2)** A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

In addition, § 1915(b)(1-4) contains the following special provision for inmates, requiring payment from their trust accounts:

> **(1)** Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
> > **(A)** the average monthly deposits to the prisoner's account; or
> > **(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> **(2)** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> **(3)** In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.
>
> **(4)** In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

**C.   The Magistrate Judge's Orders**

14

In his numerous orders, the Magistrate Judge strove to apply the law applicable to Ms. MacDonald's repetitive motions and objections. The basic problem was that in her numerous filings, Ms. MacDonald continually failed to meet the affidavit requirement of § 1915(a)(1) and the trust fund requirement of § 1915(a)(2). When the Magistrate Judge issued orders pointing out to Ms. MacDonald that she had failed to meet the requirements of the law, Ms. MacDonald became irritated and lectured the Magistrate Judge about her right to proceed as an in forma pauperis litigant because she thought she was obviously destitute. ("[A]ll involved should be ashamed"). But the Magistrate Judge was merely attempting to enforce the requirements of the statute for in forma pauperis status, and the First Circuit has dismissed in forma pauperis petitions where the petitioner failed to meet the requirements of the statute. *Perez-Crisostomo v. United States*, No. 21-1653, 2021 U.S. App. LEXIS 39591, at *1 (1st Cir. Dec. 6, 2021); *Monteiro v. United States DOJ*, No. 20-2040, 2021 U.S. App. LEXIS 35675, at *1-2 (1st Cir. June 3, 2021) (dismissing an appeal for failure to pay the filing fee or file the proper form); *Dunfee v. Barry*, No. 18-2060, 2019 U.S. App. LEXIS 39337, at *1-2 (1st Cir. Jan, 18, 2019).

When Ms. MacDonald blamed others, including the jails and (by implication) the postal service, for her failure to comply with the statutory requirements, the Magistrate Judge ordered her to provide proof of her allegations, but she failed to do so. Her failure was consistent with her continually ignoring court-imposed deadlines. Fortunately for Ms. MacDonald, the Magistrate Judge was extremely patient and

continually extended missed deadlines, instead of dismissing her cases for failure to comply with the statute and refusal to comply with court orders.

But the final irony is that, except for the *Duddy* case, the Magistrate Judge ended up granting Ms. MacDonald the right to proceed in forma pauperis. *See York IFP Order*; *Cumberland IFP Order*; *In Re IFP Order*. In the *York County*, *Cumberland*, and *In Re* cases, the Magistrate Judge granted her IFP petitions. *York IFP Order* at 1 ("The application is **GRANTED**"); *Cumberland IFP Order* at 1 ("The Court will therefore consider Plaintiff to have a zero balance in [her custodial] account for purposes of assessing her responsibility for the filing fee"); *In Re IFP Order* at 1 ("The application is **GRANTED**"). Despite Ms. MacDonald being successful in her demand to be allowed to proceed IFP, Ms. MacDonald rankles at the notion that she would have to pay any filing fees at all, reiterating her belief that she is indigent. However, the Magistrate Judge carefully crafted an equitable resolution. While she was at Riverside Psychiatric Center, the Magistrate Judge assumed her account balance would remain zero and, only when she was returned to county jail, would she be required to pay any amounts toward the filing fees. Furthermore, in determining the amount she would owe, the Magistrate Judge complied scrupulously with the statute, ordering her to "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *See, e.g., In Re IFP Order* at 1-2 (citing 28 U.S.C. § 1915(b)(2)). If Ms. MacDonald receives no money into her jail trust account, she will be required to pay nothing, but if she receives some money, she will be required to pay only 20% of that amount, consistent with federal law.

The one exception, the *Duddy* case, happened because Ms. MacDonald filed interlocutory appeals to the Court of Appeals for the First Circuit, and by the time the case returned, the Magistrate Judge was still attempting to get Ms. MacDonald to comply with the statute when she filed the objection now before the Court.  The upshot is that the Magistrate Judge never issued an order in *Duddy* granting the IFP motion subject to her compliance with the statute.

The only other wrinkle is that the Magistrate Judge repeatedly ordered Ms. MacDonald to file a statement acknowledging that she owed the filing fees, but Ms. MacDonald ignored those orders.  The Court views those orders as well within the Magistrate Judge's discretion to assure compliance with the in forma pauperis statute.

The standard by which a court reviews a magistrate judge's rulings on non-dispositive matters such as these is whether the rulings were "clearly erroneous or contrary to law."  FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  In the Court's view, the Magistrate Judge's rulings on Ms. MacDonald's multitudinous motions were correct both as a matter of law and a matter of fact and therefore the Court must overrule Ms. MacDonald's objections because she has failed to demonstrate error within this standard of review.

Lastly, the Court admonishes Ms. MacDonald for the way she has handled this in forma pauperis issue in these cases.  The district court routinely addresses inmate motions for in forma pauperis status.  The process is typically straightforward and handled without controversy or complaint.  The statute merely assures that an

17

inmate who files a civil action has an obligation to pay a percentage of the total amount held by the prison in a prisoner trust account. The inmates usually fully understand that the court system is supported by taxes and fees paid by their fellow citizens, and they recognize their obligation to assist defray the cost of the federal courts if they elect to file a lawsuit here. But Ms. MacDonald has filed a multitude of motions, objections, and appeals, causing the judges to devote considerable attention to her legal filings and diverting them from resolving meritorious matters, where the parties have been waiting for a decision. The Court strongly urges Ms. MacDonald to make sure she has proper grounds to file any future motions because its patience is nearing its end.

## III.    CONCLUSION

The Court OVERRULES Kinley MacDonald's Renewed Objections to Order of Filing Fee (ECF No. 46) in *Kinley MacDonald v. Judge Michael Duddy*, 2:22-cv-293-JAW, her Renewed Objections to Order of Filing Fee (ECF No. 32) in *Kinley MacDonald v. York County Sheriff*, 2:22-cv-302-JAW; her Renewed Objections to Order of Filing Fee (ECF No. 52) in *Kinley MacDonald v. Cumberland County Sheriff*, 2:22-cv-304-JAW; and her Renewed Objections to Order of Filing Fee (ECF No. 24) in *In re Kinley MacDonald*, 2:22-cv-336-JAW.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2023

18