UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KINLEY MACDONALD,                    )
                                     )
      Plaintiff,                  )
                                     )
v.                                   )          2:22-cv-00302-JAW
                                     )
YORK COUNTY SHERIFF, et al.,         )
                                     )
      Defendants                  )

## RECOMMENDED DECISION TO DISMISS ACTION

On October 3, 2022, Plaintiff filed a complaint (ECF No. 1) and a Motion to Proceed Without Prepayment of Fees and Costs. (ECF No. 2.)  Plaintiff subsequently filed a motion to amend her complaint, which motion the Court granted. (Motion, ECF No. 16; Order, EFC No. 17.)  For the reasons set forth below, I recommend the Court dismiss the matter.

### PROCEDURAL BACKGROUND

Because Plaintiff's motion to proceed without prepayment of fees was incomplete, on October 4, 2022, the Court ordered Plaintiff to pay the filing fee or to submit a properly completed application to proceed without prepayment of fees on or before October 18, 2022.  (Order, ECF No. 3.)  The order informed Plaintiff that her failure to comply with the order could result in the dismissal of the case.  The Clerk forwarded a copy of the order to Plaintiff by U.S. Mail on October 4, 2022, together with a form application to proceed without prepayment of fees and costs.

Because Plaintiff failed to comply with the order, on December 28, 2022, the Court

1

ordered Plaintiff to show cause as to why she had not complied with the Court's order. (Order, ECF No. 5.)   In the order, the Court established January 18, 2023, as the date by which Plaintiff must show cause. (*Id.*)  The Court advised Plaintiff that if she failed to show cause, the Court could dismiss the complaint. (*Id.*)

On March 24, 2023, the Court granted Plaintiff's motion to proceed without prepayment of fees, established a date by which Plaintiff was to notify the Court of her willingness to proceed with the understanding that she would ultimately be responsible for the filing fee, and terminated the show cause order. (Orders, ECF Nos. 12, 18.)  When Plaintiff did not inform the Court of her intent to proceed by the date established in the order granting the motion to proceed without prepayment of fees, on April 24, 2023, the Court issued an Order to Show Cause directing Plaintiff to file the notice of intent by May 15, 2023, or risk dismissal.  (Order, ECF No. 22.)  Plaintiff did not inform the Court of her intent to proceed, but she did file a motion for clarification, which suggested that she might not have received the Order to Show Cause. (Motion, ECF No. 24.)  The Court granted the motion, terminated the show cause order, reiterated the need for Plaintiff to inform the Court of her intent to proceed with the understanding that she would ultimately be responsible for the filing fee, and established June 30, 2023, as the date for Plaintiff to notify the Court. (Order, ECF No. 27.)  Plaintiff has not so notified the Court.  Plaintiff has filed two motions to amend her complaint. (Motions, ECF Nos. 31, 35.)

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss

a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.

Here, Plaintiff has failed to comply with the Court's multiple orders directing her to notify the Court of her intent to proceed with the understanding that she would ultimately be responsible for the filing fee. Plaintiff's failure to comply with the Court's orders can reasonably be construed as a deliberate disregard of the Court's orders and court rules. Plaintiff's repeated failure to comply with Court orders constitutes a failure to prosecute warranting dismissal.

Even if the Court overlooked Plaintiff's failure to comply with multiple court orders, dismissal is appropriate. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. §

3

1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim."  *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff's amended complaint consists of various complaints regarding her treatment and access to services in jail. The Eighth Amendment, which prohibits cruel and unusual punishments, governs the jail's obligation regarding the conditions of confinement for sentenced inmates, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while individuals are in pre-trial custody.  *See City of Revere v.*

*Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty*., 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted). Prison conditions cannot be inhumane, but they need not be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). "Conditions that might be deemed cruel and unusual if they were permanent features of a prisoner's life, may not offend the Constitution if they are imposed only temporarily." *Cookish v. Commissioner*, *N.H. Dep't of Corr.*, 980 F.2d 721 (1st Cir. 1992). Cruel and unusual punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff has not alleged sufficient facts to support an Eighth Amendment claim. Plaintiff, therefore, has not alleged an actionable claim.

Even if Plaintiff's allegations can be construed to assert a constitutional violation, dismissal is warranted. Plaintiff has named various individuals as defendants. To state a plausible claim for relief against each individual defendant, the allegations, if true, must support a finding that the individual, through his or her individual actions, violated Plaintiff's rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009). In other words, each defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant. Plaintiff has not described any relevant conduct of the individual defendants that would support a claim against any defendant.

5

Plaintiff has also joined the Maine Department of Corrections as a defendant. Plaintiff's claim against the Department is barred by the doctrine of sovereign immunity exemplified by the Eleventh Amendment of the United States Constitution. With limited exceptions not relevant here, states and their agencies have immunity in federal court against suits brought by citizens, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n.6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment.").

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter. Because Plaintiff's proposed amendments to her pleadings are similarly deficient, the amendments would be futile. Accordingly, I also recommend the Court deny the motions to amend.[1]

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

---

[1] "[A] district court may deny leave to amend when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)). When considering whether an amendment is futile, "[a court] view[s] futility through the lens of Federal Rule of Civil Procedure 12(b)(6)." *Parker v. Landry*, 935 F.3d 9, 13 (1st Cir. 2019). "[A] proposed amendment is futile if it fails to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of October, 2023.